PEOPLE *ex rel.* WINCHESTER *v.* COLEMAN *et al.*

(*Supreme Court, General Term, First Department.* February 13, 1891.)

TAXATION OF JOINT-STOCK ASSOCIATIONS.

A joint-stock association formed by private agreement between individuals is not taxable, under Rev. St. N. Y. pt. 1, c. 13, tit. 4, § 1, providing that all moneyed or stock corporations, deriving an income or profit from their capital or otherwise, shall be liable to taxation on their capital in the manner therein prescribed. Distinguishing *People* v. *Wemple,* 117 N. Y. 136, 22 N. E. Rep. 1046. Affirming 5 N. Y. Supp. 394.

Appeal from special term, New York county.

Proceedings on the relation of Locke W. Winchester, as treasurer of the National Express Company, to review the action of the tax commissioners in taxing the National Express Company upon its capital stock as a corporation. From a judgment vacating the assessment the commissioners appeal.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*G. S. Coleman,* for appellants. *James C. Carter,* for respondent.

VAN BRUNT, P. J. We might very well rest our decision in this case upon the very satisfactory opinion rendered in the court below, (5 N. Y. Supp. 394,) because we think that the reasons given in that opinion for the conclusions therein reached are entirely sufficient. But it might be said, if we contented ourselves with that statement, that we had overlooked the case of *People* v. *Wemple,* 117 N. Y. 136, 22 N. E. Rep. 1046, upon which great reliance seems to be placed by the counsel for the appellants, it being claimed by him that the grounds upon which the court below based its opinion are shown by this case to be unfounded. An examination of that case will show undoubtedly a use of language apparently inconsistent with that which was employed by the learned judge in his opinion in the case at bar; but it will be seen that there is a distinction in the language, without any difference whatever in the position. The learned judge stated that the true test is whether a body is natural or artificial. It is artificial if created by statute or called into being by compliance with statutory provisions; it is natural when solely the creature of private contract. In the case cited the court of appeals say that the body resulting from the agreement for the formation of this joint-stock association is an artificial body. It is perfectly evident that what they meant by that is that the unit resulting from the agreement of the several individuals associating themselves together is an artificial body; the word "artificial" in that case being used for the purpose of distinguishing this unit formed by this aggregation of individuals from an individual, called a "natural person." The learned judge in the court below used the word "artificial" in his decision in the case at bar in an entirely different sense. He stated that a body was artificial which derived its whole right to exist from statutory enactment, and he called a body a "natural body" which existed because of a private contract. In other words, an artificial body draws the whole of its life from the state; a natural body, from its inherent right to exist derived from the common law. And therefore it seems to us that no argument whatever can be placed upon this case cited which is in any way hostile to the reasoning of the court below. It is further to be observed that all that the court of appeals decided in that case was that joint-stock associations are organized under the laws of the state. The court were interpreting an act entitled as follows: "An act for raising taxes for the use of the state upon certain corporations, joint-stock companies, and associations;" by which it was provided that "every corporation, joint-stock company, or association whatever, now or hereafter incorporated or organized under any law of this state, or now or hereafter incorporated or organized by or under the laws of any other state or country, and doing business in this state, * * * shall be subject to and pay a tax," etc. Laws 1881, c. 361. It was claimed upon the part of the relators that

they, not being a corporation, were not subject to a tax, although joint-stock associations were mentioned; and all that the court decided was that, under the provisions of the act, the relators, a joint-stock association, were liable to taxation, because they were organized under the laws of this state, in that their agreement of association permitted them to do those things which they were entitled to do only because of the existence of special statutes upon the subject. That, in the opinion of the legislature in this legislation, joint-stock companies were not incorporated, seems to be established by the fact that chapter 542 of the Laws of 1880 upon this subject was amended to insert the words "or organized" in addition to the word "incorporated." The language of the act of 1880 was, "every corporation, joint-stock company, or association whatever, now or hereafter incorporated under any law of this state." It is clear that it was deemed by the legislature that this did not subject joint-stock associations to this taxation, although mentioned in the title, and they thought it necessary, because such companies were not incorporated, to use the words "or organized;" and the court held that, because of the use of those words, they being organized under the laws of the state, they were subject to the taxation therein provided for. In the case at bar it is sought to tax the relator as a corporation, pure and simple, under the Revised Statutes, which provide that all moneyed or stock corporations deriving an income or profit from their capital shall be liable to taxation upon their capital in the manner therein prescribed. This is certainly going far beyond anything even hinted at by the decision of the court of appeals in the case of *People* v. *Wemple.* It seems to be assumed by the counsel for the appellants that every association of individuals, formed pursuant to or under the laws of the state, must necessarily be a corporation. That this claim cannot be sustained is evident, when we reflect that all limited partnerships are formed under the laws of this state. All parties have a right, as these joint-stock associations have a right, to form a partnership by agreement. But the latter have no right to certain privileges resulting from the method of association, except they provide for the same by their agreement, which they are allowed to do by the provisions of the statute. And this is precisely the same as in the case of a limited partnership. A limited partnership enjoys certain privileges resulting from the provisions of the statute, providing such provisions are complied with. A limited partnership is organized, therefore, under the laws of the state, precisely the same as a joint-stock association. But can it be said for a moment because a limited partnership is organized under the laws of the state, and enjoys privileges conferred by statute resulting from its peculiar organization, that, therefore, it is a corporation, and that is all which a joint-stock association enjoys? There are no provisions of the statute regulating the formation of such associations, but they are authorized by statute to enjoy certain privileges not belonging to copartnerships, strictly speaking, provided the statute is complied with. We think, therefore, that the judgment appealed from should be affirmed, with costs.