## HOEY *v.* COLEMAN *et al.*

### *(Circuit Court, S. D. New York.* May 14, 1891.)

1. CORPORATIONS—JOINT STOCK COMPANY—TAXATION.

   A company which is a copartnership, constituted by written articles of association, having its capital divided into shares which are transferable, which is not dissolved by the death of a shareholder, the business of which is conducted by a board of managers, and which has all its property vested in the exclusive custody of three trustees, and conducts all legal proceedings in the name of the president or of the three trustees, though a *quasi* corporation, as between the members, by their voluntary contract, but not incorporated or created by franchise, is not within the meaning of a statute subjecting to taxation all moneyed or stock corporations deriving an income or profit from their capital stock or otherwise.

2. EQUITY—ADEQUATE REMEDY AT LAW—ILLEGAL TAXATION.

   In a proceeding in equity, the objection that there is a plain and adequate remedy at law is jurisdictional, and a bill for injunction to restrain the collection of a tax must be dismissed, where such a remedy exists, notwithstanding the objection is not raised by the defendant either by plea, demurrer, or answer.

In Equity.

*B. H. Bristow* and *Seward, Guthrie & Morawetz,* for complainant.

*George S. Coleman* and *Wm. H. Clark,* for defendant.

WALLACE, J. In my judgment the tax, the collection of which is sought to be restrained by this suit, is in no sense a tax upon commerce, and its legality depends solely upon the question whether the collective body known as "Adams Express Company" is a corporation within the meaning of the state statute which subjects to taxation "all moneyed or stock corporations deriving an income or profit from their capital or otherwise." If the company is a corporation or a partnership, having its domicile in this state, its capital is taxable by the state, notwithstanding it may be wholly invested in the business of interstate commerce, and in property used in other states for the transportation of goods. The present tax is assessed upon the capital stock of the company. The company is a copartnership, domiciled in this state, and constituted by written articles of association, whereby its capital is divided into shares. The shares are transferable. The death of a shareholder does not work a dissolution. The business is conducted by a board of managers. The

property is vested in the exclusive possession of three trustees, and all legal proceedings are conducted in the name of the president or of the three trustees. Thus it is a *quasi* corporation as between the members by their voluntary contract. But the responsibility of the members for the obligations of the company is not limited, and each is liable for the whole. As to third persons, it is a partnership, having many of the characteristics of a corporation, but none of those immunities which are conferred by the state exclusively upon corporations, either by special charter or general laws. Inasmuch as a corporation is always created by a franchise, while this company is self-constituted, and a corporation is only known to the law as a legal entity, in which the members have lost their individuality, while this company is known to the law only as an aggregation of individuals, whose identity and personal responsibility are unchanged, the proposition that the Adams Express Company is not a corporation in legal definition is too self-evident for discussion. The real question, however, is as to the sense in which the term "corporation" is used in the state statute, and whether it can be interpreted to embrace partnerships which masquerade as corporations, or which are permitted by state laws to enjoy some of the privileges which are usually conferred upon incorporated companies. Upon such a question—the interpretation of a state statute—the federal courts yield their own opinions to the judgment of the highest court of the state. It is understood that a case now pending, which has been decided by the lower courts, is soon to be reviewed by the court of appeals, in which the precise question now involved must be determined, and that any decision of this court will be taken for review to the supreme court of the United States; and it is supposed that before this cause can be reached in the supreme court the court of appeals will have decided the question. Under these circumstances it would serve no useful purpose to attempt any extended statement of the reasons which lead me to conclude that the statute does not authorize the present tax. The conclusions reached by the supreme court of this state in *Bell* v. *Streeter*, 1 N. Y. Trans. (N. S.) 6, by STRONG, J., and in *People* v. *Coleman*, 5 N. Y. Supp. 394, by BARRETT, J., affirmed at general term, (13 N. Y. Supp. 833,) coincide with my own, and are adopted for present purposes.

The reasoning of the opinion in *People* v. *Wemple*, 117 N. Y. 136, 22 N. E. Rep. 1046, DANFORTH, J., delivering the opinion of the court of appeals, undoubtedly tends to an opposite result. In that case it was decided that an association organized by contract substantially like that of the Adams Express Company was properly taxed under a statute subjecting to a franchise tax "every corporation, joint stock company, or association whatever, now or hereafter incorporated or organized by or under the laws of any other state or country, and doing business in this state." The opinion adopts the view that the word "incorporated" is not to be taken in that statute in a technical or restricted sense, but embraces any combination of individuals so organized for conducting business as to enjoy the privileges of bodies corporate by providing for a permanent investment of capital, the right of succession, the transfer of in-

terests by assignment of certificates, the prosecution of debts in the name of an agent, and having capacity to avail themselves of enabling statutes, which confer such privileges upon aggregate bodies. Manifestly the object of that statute is to tax the privilege of doing business in aggregate bodies, and its language denotes persuasively an intention to tax all corporations and all associations of an analogous type doing business within the state. The literal interpretation which was contended for would exclude associations within the spirit, although not within the strict language, of the act. But when a statute imposes a tax upon the capital of "moneyed or stock corporations," without more, there is little room for interpretation.

Upon the authority of *Shelton* v. *Platt*, 11 Sup. Ct. Rep. 646, (decided by the supreme court, April 6, 1891,) the present bill must be dismissed, because the case made is one in which there is plain, adequate, and complete remedy at law. It had been adjudged frequently by the supreme court prior to the cases of *Reynes* v. *Dumont*, 130 U. S. 254, 9 Sup. Ct. Rep. 486, and *Brown* v. *Iron Co.*, 134 U. S. 354, 10 Sup. Ct. Rep. 604, that the objection that there is plain and adequate remedy at law is jurisdictional, and should be enforced by the court of its own motion; but in those cases the court indicated that the objection should not be entertained in a case where the relief sought is of an equitable nature, unless it is raised by the defendant before he enters upon his defense at large; that is, by a demurrer or plea. The defendants have not raised this objection even by answer. The averment of the answer that the laws of the state of New York provide a simple, speedy, and adequate method for the review and cancellation of an erroneous or illegal assessment does not present a defense. Parties who are entitled to resort to the federal courts to have their rights adjudicated cannot be turned away because state laws may give them an adequate remedy in the state court. In the case of *Allen* v. *Car Co.*, 11 Sup. Ct. Rep. 682, (decided April 13, 1891,) the supreme court has dismissed a bill filed to restrain the collection of a tax, upon the ground that there was an adequate remedy at law, notwithstanding the objection was raised in that court in the first instance, and had not been taken by plea, demurrer, or answer in the circuit court. In the opinion the cases of *Reynes* v. *Dumont* and *Brown* v. *Iron Co.* are referred to, but the former rule, as declared in many adjudications, that the objection may be raised nowithstanding it has not been taken by demurrer or plea, is again applied.

I regret to be obliged to dismiss the bill, because it seems to me plain that the association is not subject to the tax which has been assessed against it; and the suggestions which have been urged by counsel for the complainants, to show that the remedy at law is not as practical and efficient as the remedy in equity, have been considered with an earnest desire to be convinced by them. The only one which requires any comment is the one that a suit at law could not be prosecuted with practical effect in a federal court, owing to the vast number of plaintiffs who would have to be joined; the stockholders of the association being over 1,000 in number. If it were necessary to make all the

stockholders parties, it might be considered that the remedy at law would be so cumbersome and inconvenient as to be less adequate and convenient than a suit in equity, in which one person may sue in behalf of a large number of persons similarly situated. But the laws of this state authorize a suit in behalf of such an association to be brought in the name of its president, and the practice and mode of proceeding in the federal courts at law is regulated by the practice prevailing in the courts of the state in which the federal court is held, and required to conform as near as may be to the practice of the state courts; and I cannot regard it as in the least doubtful that a suit at law to recover the amount of the present tax could be brought in this court in the name of the president of the association. The observation of Mr. Justice LAMAR in *Chapman* v. *Barney*, 129 U. S. 677, 9 Sup. Ct. Rep. 426, that a statute of New York could not give the association power to sue in a federal court, was addressed to the case which was then before the court, in which the suit was brought in the state of Illinois. It was directed to a case to which the federal practice act, requiring conformity in actions at law between the practice of the federal courts and the state courts, has no application.

The bill is dismissed.