STATE ex rel. RAILROAD AND WAREHOUSE COMMISSION v. UNITED STATES EXPRESS COMPANY.[1]

August 2, 1900.

Nos. 11,899—(10).

### Mandamus—Business of Express Company.

This is an action to compel, by mandamus, the respondent to answer certain questions as to its business, propounded to it by the relator. *Held*:

### Same—Duty to Furnish Information.

1. Where the state has the legal right, through its officers, to call upon corporations or companies for information as to their business, they cannot be permitted to determine for themselves whether they will answer or not, on the ground that it is not possible for them to do so. It is their duty in such cases to answer candidly so far as reasonably possible, and state facts which they claim excuse them for not answering more fully.

### Partnership.

2. That the defendant is not a corporation subject to the visitorial power of the state, but a partnership engaged in the state in the business of a common carrier.

### Information as to Business in Minnesota.

3. That the relator has the legal right to exact from the defendant, as such carrier, information as to all of its property and business within the state, but not as to its property out of the state, nor as to its interstate business.

Writ of mandamus issued from the district court for Ramsey county to compel defendant to file with relator specific answers to certain questions. The case was tried before Otis, J., who made findings of fact, and as conclusion of law found that relator was not entitled to relief and that the alternative writ should be vacated.

[1] Reported in 83 N. W. 465.

From an order denying a motion for a new trial, relator appealed. Affirmed.

*W. B. Douglas*, Attorney General, and *Childs, Edgerton & Wickwire*, for appellant.

*Davis, Kellogg & Severance*, for respondent.

START, C. J.

The railroad and warehouse commission of this state, pursuant to Laws 1895, c. 152, submitted to the defendant certain questions in relation to its business and property, and required it to answer them. The defendant answered the questions and returned full information so far as they related to its business and property within the state, but as to its business and property outside of the state and as to its interstate business it made no answer. Thereupon the relator commenced this action to compel the defendant, by mandamus, to make answer to omitted questions. The defendant answered that it was impossible for it to furnish the omitted information, and that the relator had no power or right to demand of it such information.

The trial court found that the defendant is not a corporation, nor does it enjoy any franchises, rights, or privileges not by law accorded to natural persons, but that it is a partnership engaged as a common carrier doing an express business in this state; that, while it was not possible for the defendant to answer the omitted questions with positive accuracy, it was and is possible for it to make answers thereto with approximate accuracy, but to do so would impose upon it labor and expense so great and burdensome as to render the request of the relator unjust and unreasonable; that such information, were it practicable to furnish it, would serve no legitimate purpose, and would have no bearing upon any question which could be officially or lawfully entertained by the relator; and that it was not legally entitled to require it. As a conclusion of law, the court held that the relator was not entitled to any relief, and discharged the alternative writ. The relator appealed from an order denying its motion for a new trial. The relator, by appropriate assignments of error, challenges the correctness of the findings and conclusions of the trial court.

1. Were there no other questions involved on this appeal, except as to the ability of the defendant to furnish the omitted information, and the reasonableness of the relator's demand, we should hesitate before affirming the order appealed from. It is true that the evidence tends to show that to furnish all of the desired information would involve the examination of some twenty-five millions of way-bills, which would occupy the attention of thirty experts for at least a year, and then the information would be only approximately correct. But in cases where the state has the legal right, through its officers, to call upon corporations or companies for information as to their business, they cannot be permitted to determine for themselves whether they will answer or not, for the reason that it is not possible for them to do so. It is their duty in such cases to answer candidly, so far as reasonably possible, and state the facts which they claim excuse them for not answering more fully. Any other rule would lead to abuses and evasions not to be tolerated. But conceding for the purposes of this appeal, without so deciding, that it was reasonably possible for the defendant to have answered more fully, it does not follow that the court erred in not requiring it to do so. This would depend upon the right of the relator to require of the defendant the omitted information.

2. The case then turns upon the legal right of the relator to require the defendant to furnish information as to its interstate business and its property and business outside of the state. If it were a corporation, domestic or foreign (see G. S. 1894, § 3425), the state, by its authorized officers, would have the undoubted right to require full information as to all of its business; for the state has the right to know what its creature, or one of another sovereignty that it permits to come into the state, is doing. If, however, it be not a corporation endowed by law with special franchises and rights, but a partnership existing by virtue of the contract of its members, then the state possesses none of the visitorial powers which it may exercise over corporations. If such be this case, then the state has the same control over the defendant, and the same right to exact information from it, that it would have over and from the individual proprietor engaged in the business of a common carrier, and not otherwise.

The legal status of the defendant is, then, an important question. It is admittedly a joint stock company organized in the state of New York by an agreement between its members, and exists independently of any public grant or franchise. We hold with the trial court that the defendant is not a corporation, but that it is in fact and law a partnership, having many of the characteristics of both a corporation and the essential features of a common-law partnership. It is not, however, a legal entity, and has no existence apart from its members. This is now settled by the decision of the highest court of its origin, and we need not further discuss the question. People v. Coleman, 133 N. Y. 279, 31 N. E. 96; Whitman v. Hubbell, 24 Blatchf. 240, 30 Fed. 81; Hoey v. Coleman (C. C.) 46 Fed. 221; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426.

3. The defendant not being a corporation, but a partnership, has the same right to do business in this state without its permission, and free from its control and visitorial power, as any other individual or partnership. But it is a common carrier, and as such its business is affected with a public interest, and therefore subject to. public control and regulation, including its charges for its services as such carrier, as to all of its state or domestic business. Therefore the relator had the legal right to demand information as to such business, and all of its property employed therein as a basis for such public regulation of its business, and the fixing of reasonable rates for its services. The defendant answered all questions as to such business and property to the satisfaction of the relator. The relator, however, had no legal right to demand of the defendant information as to its business and property outside of the state, or as to its interstate business, except so far as the same was necessary to enable the relator to discharge its duties as to the defendant's business and property within the state. G. S. 1894, § 388.

If the relator was charged with any duty as to the taxation of the defendant, it might be necessary for it to obtain the information sought in this case. See Adams Exp. Co. v. Ohio State Auditor, 165 U. S. 194, 17 Sup. Ct. 305. But it is not. This duty is placed upon the state auditor. See Laws 1897, c. 309. Nor could it utilize the information for the basis of a complaint to the interstate commerce commission, for express companies organized for the transaction of

the express business on their own account are not subject to the provisions of the interstate commerce acts (U. S. v. Morsman [D. C.] 42 Fed. 448); nor use it in determining reasonable rates for defendant's services as to its domestic business as a carrier, for such rates must be established "with reference solely to the amount of business done by the carrier wholly within such state," "and to the fair value of the property used in conducting it, without taking into consideration the amount and cost of its interstate business, and the value of the property employed in it" (Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418; Northern Pac. Ry. Co. v. Keyes [C. C.] 91 Fed. 47). We do not, however, understand that, in cases where the same property or plant within the state is employed by the carrier in conducting both its domestic and interstate business, it is not proper, in fixing a rate for the former, to ascertain the total volume or tonnage of each, as a basis for apportioning the cost of reproducing the plant between the two. But no such question is presented by the record in this case.

No other reasons than those we have considered are suggested, and none occur to us, why it was necessary or permissible for the relator to demand the information in question, and our conclusion upon the whole record is that it was not legally entitled to insist on it being given, because it was not reasonably necessary to enable the relator to discharge its duties, and could serve no useful purpose.

Order affirmed.