STATE EX REL. CLIFFORD L. HILTON v. FOUR LAKES
TELEPHONE COMPANY.[1]

November 22, 1918.

No. 21,037.

**Telephone companies — jurisdiction of Railroad and Warehouse Commission.**

1. By Laws 1915, c. 152, §§ 1, 2, the Railroad and Warehouse Commission is given jurisdiction and supervisory powers over telephone companies the same as it has over railroad and express companies, and such jurisdiction extends to all companies which are engaged in furnishing telephone service regardless of the character of their organization.

**Same — statutes not unconstitutional.**

2. The statute is not unconstitutional as conferring judicial powers upon the Railroad and Warehouse Commission. The powers conferred are administrative and legislative in character. The reasonableness of its orders is a judicial question reviewable on an appeal to the district court for which the statute provides.

**Same — review of order after expiration of time for appeal.**

3. It was the duty of the telephone company to furnish reasonably adequate service and facilities for the public without discrimination. An order of the commission, directing that the same telephone facilities and service be furnished to a petitioner as to others, after the time for appeal and when none was taken, became final, and was not subject to attack or review by the company on mandamus to enforce it.

**Same — mandamus proper remedy in case of public service association.**

4. Mandamus is a proper remedy to compel the company to furnish the service directed. Although the general rule is that mandamus does not lie to regulate the affairs of unincorporated associations such rule does not prevent the use of the writ to compel the performance of a duty

[1]Reported in 169 N. W. 480.

cast by law upon public service associations. Besides the statute expressly authorizes the use by the attorney general of any appropriate writ without a distinction as to the character of the organization of the telephone company.

Upon the relation of the attorney general the district court for Washington county granted its alternative writ of mandamus commanding Four Lakes Rural Telephone Company to forthwith give to Henry Sullwood the same telephone facilities and service as to other subscribers upon its lines or show cause why it had not done so. Motion on the pleadings for a peremptory writ granted. From an order, Searles, J., directing that a peremptory writ be issued, respondent appealed. Affirmed.

*Comfort & Comfort,* for appellant.

*Clifford L. Hilton,* Attorney General, *Henry C. Flannery,* Assistant Attorney General, and *Edwin D. Buffington,* for respondent.

DIBELL, J.

This is a proceeding in mandamus on the relation of the attorney general to compel the respondent telephone company to install service for one Henry Sullwold, a farmer living a few miles out of Stillwater. The telephone company is a copartnership. Its line passes near Sullwold's farm. It formerly furnished him service which it discontinued. The court granted the relator's motion on the pleadings for the issuance of a peremptory writ. The company appeals from the order.

1. By Laws 1915, p. 208, c. 152, §§ 1, 2, the Railroad and Warehouse Commission is vested with the same jurisdiction and supervisory power over telephone companies as it has over railroad and express companies, and any firm or association or copartnership owning or operating a telephone line for hire, or furnishing telephone service to the public, is a telephone company within the definition of the statute. The respondent company is such a company.

2. It is contended that chapter 152 is unconstitutional because it confers upon the Railroad and Warehouse Commission judicial powers. It does not confer judicial power. The duties of the commission in connection with telephone companies are administrative and legislative in character. Upon an appeal to the district court, for which the statute

provides, the reasonableness of the commission's orders, which is a judicial question, is for determination. See State v. Great Northern Ry. Co. 130 Minn. 57, 153 N. W. 247, Ann. Cas. 1917B, 1201; State v. Great Northern Ry. Co. 135 Minn. 19, 159 N. W. 1089; Brogger v. Chicago, St. P. M. & O. Ry. Co. 137 Minn. 338, 163 N. W. 662, 164 N. W. 368. The statute is constitutional.

3. The respondent furnishes a public utility and it is its duty to furnish reasonably adequate service and facilities for the accommodation of the public. Laws 1915, p. 208, c. 152, § 4. It is an implication of the law that it will serve all similarly situated without discrimination. State v. Consumers Power Co. 119 Minn. 225, 137 N. W. 1104, 41 L.R.A. (N.S.) 1181, Ann. Cas. 1914B, 19.

Upon the petition of Sullwold, and after hearing had, the Railroad and Warehouse Commission ordered the company to furnish him the same telephone service and facilities as it furnished others. The writ alleges the proceeding before the commission and the determination of it. The company might have appealed within 30 days. It did not. Therefore the order of the commission became final. Laws 1915, p. 214, c. 152, § 23. The answer to the writ does not deny the proceeding had before the commission and the order made, but sets up facts which might perhaps have been urged at the hearing before the commission. They constitute no defense. The order is not subject to attack or review in mandamus to enforce it. The court was right in directing the issuance of a peremptory writ.

4. The statute provides that when a telephone company fails to comply with an order of the commission, after it has become final, it shall be the duty of the attorney general to apply to the district court in the name of the state for a mandatory injunction or other appropriate writ to compel obedience. Laws 1915, p. 215, c. 152, § 25. Mandamus is an appropriate writ. State v. Consumers Power Co. 119 Minn. 225, 137 N. W. 1104, 41 L.R.A.(N.S.) 1181, Ann. Cas. 1914B, 19. The fact that the respondent is a copartnership does not affect the propriety of the writ. Mandamus does not in general lie to regulate the affairs of unincorporated societies or associations. State v. Cook, 119 Minn. 407, 138 N. W. 432, Ann. Cas. 1914B, 88. Where, however, a copartnership is engaged in public service and is charged by law with the duty of fur-

nishing a, public utility, mandamus is a proper remedy to enforce it. See State v. U. S. Express Co. 81 Minn. 87, 83 N. W. 465, 50 L.R.A. 667, 83 Am. St. 366.

Some other questions are made but they are not of a character requiring discussion.

Order affirmed.