## INTERSTATE BUSSES CORPORATION *v.* HOLYOKE STREET RAILWAY COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

No. 343. Argued October 27, 28, 1926.—Decided January 3, 1927.

1. The Massachusetts law requiring a license and a certificate of public convenience and necessity for such operation of motor vehicles on public highways for intrastate carriage of passengers for hire as affords a means of transportation similar to that afforded by a railway company, is not shown in this case to work a direct interference with or burden upon the interstate business of the plaintiff bus company, which carries both interstate and intrastate passengers. P. 50.

2. The burden is upon the plaintiff bus company to prove that the enforcement of the act would prejudice its interstate passenger business. P. 51.

3. The act cannot be evaded by unnecessarily using the same vehicles and employees for both classes of passengers. P. 51.

4. A State has power reasonably to regulate and control the use of its public highways in the public interest, not directly burdening or interfering with interstate commerce. P. 52.

5. The Massachusetts act is not arbitrary or unreasonable; and the plaintiff, not having applied for a license under it, had no standing to attack its validity under the due process clause of the Fourteenth Amendment. P. 52.

Affirmed.

APPEAL from a decree of the District Court dismissing the bill in a suit by the plaintiff bus company to enjoin

the defendants—a street railway company, some of its officers, and various public prosecuting officials of Massachusetts—from taking steps to enforce a Massachusetts statute regulating common carriers of passengers by motor vehicle.

*Mr. Edward H. Kelly* for the appellant.

Appellant is engaged in interstate commerce in the transportation of passengers between Hartford, Connecticut, and Greenfield, Massachusetts. Persons traveling on appellant's vehicles from Connecticut cannot be carried by motor bus north of Springfield unless appellant transports them, because local operation is prohibited without obtaining the licenses, permits and certificates prescribed by Chapter 159, Section 45, General Laws of Massachusetts, as amended by Chapter 280 of the Laws of 1925. Appellant has undertaken to transport its interstate passengers to destination by the mode of transportation they have chosen in Connecticut, but can only do it at a loss and in partly empty vehicles, unless it is permitted to accommodate on the same vehicles such local traffic as is offered. Appellant not only is deprived of the revenue earned in carrying its interstate travelers north of Springfield, but travelers from Connecticut points wishing to go north of Springfield, will not patronize appellant's busses in Connecticut owing to inconvenience of changing to some other mode of travel in Springfield and *vice versa;* so that the enforcement of this law necessarily imposes on plaintiff a large loss of revenue from interstate traffic in addition to that which might be received from local traffic. If the requirements of Chapter 159 are held to apply to the business done by appellant, then it must be conceded that it restricts, burdens and impedes interstate commerce. *Pullman Co.* v. *Kansas,* 216 U. S. 56; *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1.

Under the rule of the Kansas cases, Massachusetts could not pass a law imposing a tax on appellant's entire capital stock or otherwise burdening its interstate business as a condition of permitting it to do a local business. Can it then prohibit it entirely from doing such business, or can it prohibit such local business on interstate vehicles, except on condition that appellant obtain a license from every city and town through which its vehicles pass on their interstate journey? Has it power to prohibit local business entirely and yet remain powerless to annex to its permission to do local business an unconstitutional condition? Would it be any more a burden on interstate commerce to grant permission to do a local business only on condition of paying an unconstitutional tax or submitting to confiscatory rates for such business than to prohibit local business entirely? Is the latter less of a burden than the former? Would a law or regulation of Massachusetts be held constitutional, which prohibited a railroad from carrying passengers upon its interstate trains between Springfield and Boston, without first obtaining a license from each town through which the train passed, and a certificate from the State Public Utilities Commission? Or could it entirely forbid the railroad from carrying passengers between points within the State upon interstate trains?

The error of *Barrows* v. *Farnum State Lines,* 254 Mass. 240, and related cases is in treating this regulation as a general police regulation. *Hemdon* v. *Chicago,* 218 U. S. 157.

In giving consideration to the respective spheres of state and federal control of commerce no analogy can be drawn from their respective powers in the matter of levying taxes. *Gibbons* v. *Ogden,* 9 Wheat. 1.

The District Court erred in holding that the business carried on by this plaintiff came within the purview of Chapter 159, as amended.

That Act, if held applicable, is in conflict with the Fourteenth Amendment in that it provides no appeal from an arbitrary and unreasonable exercise of power, and in that it permits suits and prosecutions so numerous, and the imposition of so many different fines and penalties, as to compel submission to the arbitrary exercise.

As a police regulation applicable to interstate commerce, Chapter 159 must be held to be unreasonable.

*Mr. David H. Keedy,* with whom *Mr. William H. Brooks* was on the brief, for the appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This suit was brought by appellant against the Holyoke Street Railway Company, its president and general manager, police and prosecuting officers of a number of cities and towns, the chief of the state police, and the district attorneys of the Western and Northern Districts of Massachusetts. Its purpose is to restrain the enforcement of a state statute relating to common carriers of passengers by motor vehicles as in conflict with the commerce clause of the Constitution of the United States and with the due process clause of the Fourteenth Amendment. The case was heard before a court of three judges (§ 266, Judicial Code) on an agreed statement of facts; and a final decree dismissing the complaint was entered.

Sections 45, 48A and 49 of c. 159, General Laws, as amended by c. 280, Acts of 1925, contain the provisions attacked: No person shall operate a motor vehicle upon a public way in any city or town for the carriage of passengers for hire so as to afford a means of transportation similar to that afforded by a railway company by indiscriminately receiving and discharging passengers along the route on which the vehicle is operated, or as a business between fixed and regular termini, without first obtaining a license. The licensing authority in a city is its council,

in a town is its selectmen; and, as to public ways under its control, is the metropolitan district commission.  No person shall operate a motor vehicle under such license unless he has also obtained from the Department of Public Utilities a certificate that public convenience and necessity require such operation.  Anyone operating under a license from local authority and a certificate from the department is declared to be a common carrier and subject to regulation as such.  Violations of §§ 45–48 or of any order, rule or regulation made under them are punishable by fine or imprisonment or both.  And the Act gives to the Supreme Judicial and Superior Courts jurisdiction in equity to restrain any violation upon petition of the department, any licensing authority, ten citizens of a city or town affected by the violation, or any interested party. Neither license nor certificate is required in respect of such carriage as may be exclusively interstate.

The material facts stipulated are: For many years, the appellee Holyoke Street Railway Company has been a common carrier of passengers by street railway in Massachusetts through Holyoke, South Hadley, Granby, Amherst and into Sunderland.  Appellant is engaged in the business of transporting passengers for hire by motor vehicle, and operates busses between Hartford, Connecticut, and Greenfield, Massachusetts.  It has operated its busses between Hartford and Springfield since December 1, 1924, and north of Springfield to Greenfield since about December 15, 1925.  Its route in Massachusetts passes through Springfield, West Springfield, Holyoke, Granby, Amherst, Sunderland, Deerfield and Greenfield.  With certain exceptions not here material, all its busses run the whole distance between Hartford and Greenfield.  It transports persons from one State into the other, and also those whose journeys begin and end in Massachusetts.  Both classes of passengers, intrastate and inter-

state, are carried in the same vehicles. Intrastate pas-
sengers constitute a very substantial part of the whole
number carried in Massachusetts. Appellant maintains
an office and garage at Springfield and advertises its route
and rates. The busses are operated between fixed termini
in Massachusetts. They operate regularly on public
ways parallel to and alongside the tracks of the street
railway company and afford means of transportation sim-
ilar to those furnished by that company. They stop
regularly and also on signal to receive and discharge
passengers. The operation of the busses in competition
with the street railway has resulted in substantial loss to
the latter. Appellant has not obtained a license from
any of the cities or towns served by the street railway
company. And that company, its president and counsel
have caused plaintiff's employees to be arrested and prose-
cuted and intend to continue to prosecute them for oper-
ating without obtaining the licenses and certificate re-
quired by the statute."

The statutory provisions in question have been sus-
tained by the highest court of Massachusetts. *New
York, N. H. & H. Railroad* v. *Deister*, 253 Mass. 178;
*Barrows* v. *Farnum's Stage Lines*, 254 Mass. 240; *Boston
& M. R. R.* v. *Cate*, 254 Mass. 248; *Boston & M. R. R.* v.
*Hart*, 254 Mass. 253; *Commonwealth* v. *Potter*, 254 Mass.
520. And these decisions were followed by the district
court in this case.

Appellant's principal contention is that the Act contra-
venes the commerce clause. If as applied it directly inter-
feres with or burdens appellant's interstate commerce,
it cannot be sustained regardless of the purpose for which
it was passed. See *Shafer* v. *Farmers Grain Co.*, 268
U. S. 189, 199; *Real Silk Mills* v. *Portland*, 268 U. S.
325, 336; *Colorado* v. *United States*, 271 U. S. 153, 163;
*Di Santo* v. *Pennsylvania*, ante, p. 34. The Act existed
in some form before interstate transportation of pas-

sengers for hire by motor vehicle was undertaken. Its purpose is to regulate local and intrastate affairs. *Barrows* v. *Farnum's Stage Lines, supra.* No license from local authorities or certificate of public convenience and necessity is required in respect of transportation that is exclusively interstate. Cf. *Buck* v. *Kuykendall,* 267 U. S. 307; *Bush Co.* v. *Maloy,* 267 U. S. 317. The burden is upon appellant to show that enforcement of the Act operates to prejudice interstate carriage of passengers. The stipulated facts do not so indicate. The threatened enforcement is to prevent appellant from carrying intrastate passengers without license over that part of its route which is parallel to the street railway. Its right to use the highways between Springfield and Hartford is not in controversy. While it appears that in Massachusetts both classes of passengers are carried in the same vehicles, it is not shown what part of the total number are intrastate or interstate. The record contains no information as to the number of persons, if any, travelling in interstate commerce on appellant's busses over the part of the route competing with the street railway. It is not shown that the two classes of business are so commingled that the separation of one from the other is not reasonably practicable or that appellant's interstate passengers may not be carried efficiently and economically in busses used exclusively for that purpose or that appellant's interstate business is dependent in any degree upon the local business in question. Appellant may not evade the Act by the mere linking of its intrastate transportation to its interstate or by the unnecessary transportation of both classes by means of the same instrumentalities and employees. The appellant relies on *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1; and *Pullman Co.* v. *Kansas,* 216 U. S. 56. But there the State was using its authority as a means to accomplish a result beyond its constitutional power.

There is no support for the contention that the enforcement of the Act deprives it of its property without due process of law. Undoubtedly, the State has power in the public interest reasonably to control and regulate the use of its highways so long as it does not directly burden or interfere with interstate commerce. *Packard* v. *Banton*, 264 U. S. 140, 144; *Kane* v. *New Jersey*, 242 U. S. 160; *Hendrick* v. *Maryland*, 235 U. S. 610. Cf. *Opinion of the Justices*, 251 Mass. 594, 596. The terms of the Act are not arbitrary or unreasonable. Appellant has not applied for and does not show that it is entitled to have a license from the local authorities or a certificate of public necessity and convenience from the department.

Plainly, it has no standing to attack the validity of the statute as a violation of the due process clause.

*Decree affirmed.*