No. 11,905.

WESTERN TRANSPORTATION COMPANY *v.* THE PEOPLE.

Decided October 31, 1927.    Rehearing denied November 21, 1927.

Action to enjoin operation of motor transportation line.   Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1.    CARRIERS—*Motor Transportation.*   In an action to enjoin the operation of a motor transportation line without a certificate from the Public Utilities Commission, evidence and admissions held to show that defendant was engaged in intrastate business within the state of Colorado.

2.    *Interstate Commerce—Injunction.*   Injunctive orders prohibiting operation of motor transportation line without a certificate of convenience and necessity, held not intended to enjoin defendants from engaging in interstate commerce, but if they do, to that extent they are inoperative.

3.    *Motor Transportation.*   Injunctive orders prohibiting a motor transportation company from engaging in intrastate commerce without a certificate of public convenience and necessity, upheld.

*On Rehearing.*

4.  CARRIERS—*Motor Transportation.* In an action to enjoin a motor transportation company from operating within the state without a certificate of public convenience and necessity, the burden was upon defendant to show that the enforcement of the Public Utilities Act in that respect operates to prejudice interstate transportation of freight and express and imposes unreasonable burdens upon interstate commerce.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. M. W. SPAULDING, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. RALPH L. CARR, Assistant, for the people.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error, hereinafter referred to as the people, or the plaintiff, brought this suit against the plaintiff in error, the Western Transportation Company, hereinafter designated as the company, or defendant, asking for the issuance of a temporary injunction restraining and prohibiting defendant from operating any motor vehicle affording a means of transportation similar to that ordinarily afforded by railroads, by indiscriminately accepting, carrying, laying down, discharging and delivering freight and express, between fixed points and over established routes for hire within the state of Colorado, and as a common carrier therein, without first having obtained a certificate of public convenience and necessity from the Public Utilities Commission of this state, and that such injunction be made permanent.

The court found for the plaintiff and ordered that a temporary injunction issue as prayed for, which was later made permanent. Defendant prosecutes error and applies for a supersedeas.

On June 24, 1926, defendant filed with the Public Utilities Commission an application for a certificate of convenience and necessity in order that it might transact the business of transporting freight and express within the state of Colorado. The application for the certificate was denied by the commission on March 7, 1927.

Upon the trial before the court, Alva W. Dornon testified that he had been general manager of the defendant since it was incorporated, and that the company was then, at the time of the trial, engaged in the operation of motor trucks for the transportation of freight and express between various towns in the state of Colorado; also that the company accepted shipments of freight and express from the public generally for transportation between points in Colorado. He also testified that they filed their application with the Public Utilities Commission for license which was refused, and that the company was still continuing just the same as they were before the application had been filed. This evidence, together with admissions made by the defendant in its answer, shows, we think, that defendant was engaged in intrastate business within the state of Colorado.

The defendant alleged, as one of its defenses, that it was engaged in interstate commerce. The evidence on behalf of defendant tended to show that it was engaged in interstate transportation of freight and express. The defendant's contention is that to prohibit defendant from operating in this state would be to interfere with interstate commerce, and deprive the company of rights that are guaranteed to it by the Fourteenth Amendment to the federal Constitution; that it would be a violation of the Constitution of the state of Colorado, and also a violation of the federal aid statutes; also that the Public Utilities Commission has no jurisdiction over the company's operations, and that in so far as the Colorado statutes would permit any prohibition of the company's operations, they are unconstitutional.

From the foregoing, I think we may assume that defendant was, at the time of the institution of this suit, engaged in both interstate and intrastate commerce, and was not engaged exclusively in one or the other. The defendant insists, however, that the evidence shows it was engaged exclusively in interstate commerce, but the able and ingenuous argument of defendant's counsel has not convinced us. The foregoing evidence, admissions and the application do not sustain him. His argument is that the application for certificate does not show whether it was for intrastate or interstate commerce. But counsel's further argument is to the effect that the company could not be required, by the state, to obtain a certificate of convenience and necessity to do an interstate business. It seems then that it logically follows that the company did not apply for a certificate to do an interstate but did apply for one to do an intrastate business.

We do not think, as contended by counsel, that the injunctive orders were intended to, nor do they, enjoin defendant from engaging in interstate commerce, and that they should not be so construed, but if so, then to that extent the decree of the court is inoperative.

It will be observed that plaintiff was not asking the court to restrain interstate shipments, but merely to prohibit the company from acting as a common carrier in the state of Colorado for the transportation of freight and express within the state without the certificate of public convenience and necessity required by the statute.

The evidence does not show the extent of the interstate shipments as compared with intrastate business transacted by the company.

The plaintiff cites *Interstate Busses Corporation v. Holyoke Street Railway Co.*, 273 U. S. 45, 47 Sup. Ct. 298, 71 L. Ed. 530, decided January 3, 1927, and other cases.

We think the case of *Clark v. Poor*, 47 Sup. Ct. 702, decided by the Supreme Court of the United States May 31, 1927, opinion by Mr. Justice Brandeis, is deci-

sive of the instant case. In that case it appears that in 1923, Ohio passed a transportation act which provided that a motor transportation company desiring to operate within the state should apply to the Public Utilities Commission for a certificate so to do, and should not begin to operate without first obtaining it. Also that the company should, at the time of the issuance of the certificate and annually thereafter, pay a tax graduated according to the number and capacity of the vehicles used. The appellants, Clark and others, operated as common carriers, a motor truck line between Aurora, Indiana, and Cincinnati, Ohio, exclusively in interstate commerce. They ignored the provisions of the act and operated without making application for a certificate or paying the tax provided for. They brought suit against the commission to enjoin it from enforcing, as against them, the provisions of the act. The case was heard in the district court before three judges. It further appeared in that case that the Ohio act called the certificate one of "public convenience and necessity." Plaintiffs' bill was dismissed in the district court, and they appealed. Justice Brandeis said:

"The plaintiffs claim that, as applied to them, the act violates the commerce clause of the federal Constitution. They insist that, as they are engaged exclusively in interstate commerce, they are not subject to regulation by the state; that it is without power to require that before using its highways they apply for and obtain a certificate; and that it is also without power to impose, in addition to the annual license fee demanded of all persons using automobiles on the highways, a tax upon them, under sections 614–94, for the maintenance and repair of the highways and for the administration and enforcement of the laws governing the use of the same. The contrary is settled. The highways are public property. Users of them, although engaged exclusively in interstate commerce, are subject to regulation by the state to ensure safety and convenience and the conserva-

tion of the highways.  Morris v. Duby, No. 372, decided
April 18, 1927.  Users of them, although engaged exclu-
sively in interstate commerce, may be required to con-
tribute to their cost and upkeep.  Common carriers for
hire, who make the highways their place of business, may
properly be charged an extra tax for such use.  *  *  *
The plaintiffs did not apply for a certificate or offer to
pay the taxes.  They refused or failed to do so,  *  *  *
because of their belief that, being engaged exclusively in
interstate commerce, they could not be required to apply
for a certificate or to pay the tax.  Their claim was un-
founded.  Moreover, the act made each section and part
thereof independent and declared that 'the holding of
any section or part thereof to be void or ineffective for
any cause shall not affect any other section or part there-
of.'  *  *  *  And the act also provided that it should
apply to interstate commerce only in so far as such regu-
lation was permitted by the federal Constitution.''

The decree dismissing the bill was affirmed.

Our own statute, section 2976, C. L. 1921, provides
that ''Neither this act nor any provision thereof, except
when specifically so stated, shall apply or be construed
to apply to commerce with foreign nations or commerce
among the several states of this Union, except in so far
as the same may be permitted under the provisions of the
Constitution of the United States and the acts of con-
gress.''

The defendant further contends that while the state
may regulate the use of its highways, it cannot prohibit
interstate commerce.  But the plaintiff does not seek in
this case to prohibit interstate commerce.  If the state
cannot enjoin a company from transacting an intrastate
business when it is doing so without having obtained
the certificate required by law, then it is utterly powerless
to regulate its highways at all.

In *Interstate Busses Corporation v. Holyoke Street
Railway Company, supra,* Mr. Justice Butler says:
''The burden is upon appellant to show that enforcement

of the act operates to prejudice interstate carriage of passengers. The stipulated facts do not so indicate. The threatened enforcement is to prevent appellant from carrying intrastate passengers without license over that part of its route which is parallel to the street railway. Its right to use the highways between Springfield and Hartford is not in controversy.''

So here, the evidence does not show that the enforcement of the act in question operates to prejudice interstate transportation of freight and express. As already stated, the plaintiff is not attempting to prevent the company from engaging in interstate commerce, but to prevent the company from engaging in intrastate business without the required license.

Mr. Justice Butler further said, in the case cited, that ''Appellant may not evade the act by the mere linking of its intrastate transportation to its interstate or by the unnecessary transportation of both classes by means of the same instrumentalities and employees.''

We deem it unnecessary to pursue the subject further. We think the contentions of defendant have been fully answered in *Interstate Busses Corporation v. Holyoke Street Railway, supra; Morris v. Duby,* No. 372, 274 U. S. 135, 47 Sup. Ct. 548, decided April 18, 1927, and *Clark v. Poor, supra.*

Supersedeas denied and judgment affirmed.

*On Rehearing.*

MR. JUSTICE SHEAFOR.

The evidence set forth in the petition for rehearing does not establish that the enforcement of the act in question operates to prejudice interstate transportation of freight and express, nor that its enforcement would impose unreasonable burdens upon interstate commerce. The burden is upon defendant to show that. Defendant's chief reliance is placed upon *Buck v. Kuykendall,* 267

U. S. 307, 45 Sup. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286. We call attention to this paragraph appearing in the opinion in that case: "With the increase in number and size of the vehicles used upon a highway, both the danger and the wear and tear grow. To exclude unnecessary vehicles—particularly the large ones commonly used by carriers for hire—promotes both safety and economy. State regulation of that character is valid even as applied to interstate commerce, in the absence of legislation by Congress which deals specifically with the subject."

The Kuykendall case seems to be in entire harmony with *Clark v. Poor, supra.*

The petition for rehearing is denied.