## ATLANTIC–PACIFIC STAGES, Inc., v. STAHL et al.

District Court, W. D. Missouri, Central Division. November 20, 1929.

No. 232.

Harding, Murphy & Tucker, of Kansas City, Mo., and Leahy, Saunders & Walther, of St. Louis, Mo., for plaintiff.

J. P. Painter and D. D. McDonald, both of Jefferson City, Mo., for defendants.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

PER CURIAM. The plaintiff, a Delaware corporation, is a common carrier by motor busses. Desiring to operate its busses through Missouri along what is known as federal highway No. 40, it applied on November 24, 1928, to the Public Service Commission for a certificate of convenience and necessity authorizing it to carry passengers solely in interstate commerce upon said highway. On April 4, 1929, the certificate applied for was denied on the ground that the plaintiff had been and at the time of the denial still was unlawfully engaged in the intrastate carrying of passengers. On the same ground a second application for a certificate of convenience and necessity, applied for May 31, 1929, was denied by the commission October 1, 1929. At the time of each application the plaintiff offered to comply with all requirements of the laws of Missouri relating to interstate carriers of passengers by motor busses over the highways of the state.

The bill alleges that the defendant Ballew, sheriff of Boone county, through which passes highway No. 40, has arrested, threatens to and will, unless restrained, continue to arrest, drivers of plaintiff's motor busses, and it is alleged that, in so doing, he has acted and will act under the direction of the Public Service Commission. Pending the final determination of the case on its merits, we are asked to issue an interlocutory injunction restraining the defendant sheriff from arresting plaintiff's drivers (and so impeding the operation of plaintiff's motor busses) and restraining the defendant commissioners from directing the defendant sheriff to make such arrests.

The following questions are first to be considered: (1) Under the Laws of Missouri on April 4, 1929, when plaintiff's first application was denied, did the Public Service Commission have the discretion to deny the plaintiff a certificate of convenience and necessity to carry on an interstate business on the highways of the state on the ground that it was then unlawfully carrying on an intrastate business, and, if so, were such laws to that extent unconstitutional? (2) Under the laws of Missouri on October 1, 1929, when plaintiff's second application was denied, did the Public Service Commission have the discretion to deny the plaintiff a certificate of convenience and necessity to carry on an interstate business on the highways of the state on the ground that it was then unlawfully carrying on an intrastate business, and, if so, were such laws to that extent unconstitutional? This double consideration of what may seem to be the same question is made necessary by the fact that the laws of Missouri, defining the powers of the Public Service Commission, were altered by an amendment approved June 11, 1929, effective August 27, 1929. The amendment was not effective at the time either of the first or of the second of plaintiff's applications to the commission for a certificate. The amendment is now effective, and was effective when plaintiff's second application was denied.

Prior to April 5, 1927, the Public Service Commission had no control over common carriers by motor busses. Such control was on that date conferred on the commission. Laws of Missouri 1927, p. 402. By the terms of the law then enacted, it was made unlawful for any common carrier by motor busses to furnish service within this state without first having obtained a certificate of convenience and necessity from the commission. The commission was given the power (Section 4) to refuse such a certificate if in its judgment public convenience and necessity would not be promoted by such service. Nowhere in the act is any distinction made between the interstate transportation of passengers and transportation intrastate.

The Public Service Commission construed this law as requiring a carrier to apply for a certificate of convenience and necessity even for interstate transportation of passengers. The language of the act warrants that construction. It is our view, however, that, so construed, the act goes beyond the state's power and invades the exclusive jurisdiction of Congress to regulate interstate commerce.

The exclusive control of interstate commerce is given by the Constitution to

Congress. No state may pass any law which prohibits or unduly burdens interstate commerce. For certain limited purposes a state may pass a law which incidentally affects interstate commerce, provided it does not prohibit or unduly burden such commerce. Thus a state may pass a law imposing a tax upon a company operating motor vehicles exclusively in interstate commerce over the highways of the state if it is imposed for the upkeep and maintenance of those highways, provided it does not discriminate against interstate commerce. A state may, for the safety of its people, enact police regulations governing the manner in which its highways are used. Such laws are binding upon persons engaged exclusively in interstate business as well as upon others, provided they are reasonable regulations and not discriminatory. A state may require an interstate carrier to obtain a permit before using the highways of the state and may condition the issuance of that permit upon compliance by the carrier with such laws as those described —such laws, that is, as it is proper for the state to enact, not including, however, any law either prohibiting or imposing an undue burden on interstate commerce. These are the general principles which are applicable to the question here and in the light of which it must be determined.

■■ Where a carrier is engaged exclusively in interstate commerce a state may not require it to obtain a certificate of convenience and necessity. Clark et al. v. Poor et al., 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199. Where a carrier is engaged in both interstate and intrastate transportation of passengers, the state may require it to obtain a certificate of convenience and necessity and to pay a license tax as to its intrastate business, but only if that will not result in burdening unduly its interstate business. Interstate Busses v. Holyoke Ry., 273 U. S. 45, 47 S. Ct. 298, 299, 71 L. Ed. 530.

In the Holyoke Ry. Case a carrier of passengers by motor busses transported in the same vehicles both interstate and intrastate passengers. In Massachusetts, one of the states in which it operated, a state law required of intrastate carriers of passengers a certificate of convenience and necessity and a local ordinance required from such a carrier that it take out and pay for a license. A competitor caused the arrest of this carrier's employés for operating without the certificate and license. As to the contention that the requirement contravened the commerce clause, the Supreme Court said:

"If as applied it directly interferes with or burdens appellant's interstate commerce, it cannot be sustained, regardless of the purpose for which it was passed. * * * No licenses from local authorities or certificate of public convenience and necessity is required in respect of transportation that is exclusively interstate. * * * The burden is upon appellant to show that enforcement of the act operates to prejudice interstate carriage of passengers. * * * It is not shown that the two classes of business are so commingled that the separation of one from the other is not reasonably practicable or that appellant's interstate passengers may not be carried efficiently and economically in busses used exclusively for that purpose or that appellant's interstate business is dependent in any degree upon the local business in question. * * * "

The law then is that a state may not require a carrier doing both intrastate and interstate business to obtain a certificate of convenience and necessity or a license as to its intrastate business, if that will burden its interstate business. Certainly, if it cannot even burden a carrier's interstate business by requiring it to obtain a certificate of convenience and necessity or a license as to its intrastate business, it cannot absolutely prevent its doing an interstate business because it has not obtained as to its intrastate business such a certificate or license.

Where there is an intermingling of intrastate and interstate carriage of passengers by a transportation company, the interstate business may not on that account even be taxed by the state. The Supreme Court said, in Sprout v. South Bend, 277 U. S. 163, 170, 48 S. Ct. 502, 504, 72 L. Ed. 833:

"A state may, by appropriate legislation, require payment of an occupation tax from one engaged in both intrastate and interstate commerce. * * * And it may delegate a part of that power to a municipality. * * * But in order that the fee or tax shall be valid, it must appear that it is imposed solely on account of the intrastate business; that the amount exacted is not increased because of the interstate business done; that one engaged exclusively in interstate commerce would not be subject to the imposition; and that the person taxed could discontinue the intrastate business without withdrawing also from the interstate business."

If, notwithstanding the intermingling of interstate and intrastate business, the interstate business of such a company may not even be taxed, a fortiori it may not be prohibited.

■ Suppose a law enacted by the Legislature prohibiting all persons from using the highways of Missouri for the interstate trans-

portation of passengers if they also carry passengers intrastate without certificates of convenience and necessity. Such a law could be defended only on the doctrine that a state may invade the exclusive field of legislation given by the Constitution to Congress if it is done for the purpose of more effectively enforcing the state's laws. No such doctrine is tenable. Yet the law we have supposed is really what we have here as it has been construed and applied by the commission.

The commission's order was not one which merely incidentally affected interstate commerce. It was not made in the exercise of the police power for the protection of public safety. It was as to this plaintiff an absolute and unconditional prohibition of interstate commerce imposed, not because of any failure by the plaintiff to comply with some condition prescribed in the statute as to such commerce, but as a punishment for past and possible future transgressions entirely unrelated to interstate commerce.

The state may deny a certificate of convenience and necessity to any applicant for authority to do an intrastate business as a common carrier on the highways of the state. It had the right to deny such a certificate to this plaintiff. If the plaintiff carries on an intrastate business on the highways of the state in defiance of the authority of the state, it may be punished for it. It may be punished by a fine or other pecuniary penalty or by imprisonment of its officers and agents. But it may not be punished by deprivation of its constitutional right to engage in interstate commerce.

■ By the amendment of 1929 (Laws of Missouri 1929, p. 338) the Motor Bus Law was so changed as no longer to require a certificate of convenience and necessity for interstate transportation of passengers by motor busses. What is required under the law after that amendment is a permit only. As we construe the amendment, the commission is bound to issue such a permit to any one applying for it if the conditions prescribed by the amendment are complied with. Certainly the commission does not have the power arbitrarily to deny a permit. It may deny it only if the conditions of obtaining it stated in the amendment are not met. Nothing in the amendment restricts the issuance of a permit to such as are engaged exclusively in interstate commerce or to such as have complied with the state's laws relative to intrastate carriers.

If the amendment of 1929 is construed as giving the Public Service Commission authority to deny an interstate permit on the ground that the carrier seeking it has not complied with the law as to intrastate carriers then it contravenes the commerce clause of the Constitution. We have stated the reasons for this conclusion in connection with our discussion of the act of 1927.

We conclude then that under the act of 1927 the plaintiff required no certificate of convenience and necessity to do an interstate business, and that under the amendment of 1929 it is entitled to a permit to do an interstate business if it applies therefor and meets the conditions set out in the amendment. Whether it is entitled to an interlocutory injunction is another question.

■ The plaintiff has never applied for a permit under the amendment of 1929. The defendant commissioners have never denied any application for a permit under that amendment. We cannot presume that the commission will deny a permit if the plaintiff applies for it and complies with the law as to such an application.

■ What remains is this: The plaintiff's employés have been and will be arrested by the defendant sheriff. He has no lawful authority to arrest them for not having a certificate of convenience and necessity to do an interstate business. But there appear good reasons to believe that the plaintiff is doing both an interstate and an intrastate business and the latter without ever having obtained a certificate of convenience and necessity. If that is true, the defendant sheriff does have the right to arrest the employés of the plaintiff unless the plaintiff has a certificate of convenience and necessity to do an intrastate business. And while the Public Service Commission may not cause the defendant sheriff to arrest plaintiff's employés for operating without a certificate of convenience and necessity to carry passengers interstate, certainly the commissioners or any others may lawfully cause the defendant sheriff to make arrests of plaintiff's employés for operating an intrastate business without a certificate of convenience and necessity. We should not then and cannot enjoin the defendant sheriff from arresting or the defendant commissioners from causing the arrest of the employés of the plaintiff. At the most we are warranted in enjoining the enforcement as against the plaintiff of so much of the Motor Bus Law of 1927 as makes it a misdemeanor for one engaged exclusively in the interstate transportation of passengers to operate without a certificate of convenience and necessity. To that much we think the plaintiff is entitled.