WOOLF et al. v. DEL RIO MOTOR TRANSP. CO. et al.

No. 8421.

Court of Civil Appeals of Texas. San Antonio. April 30, 1930.

David E. Hume, of Eagle Pass, for appellants.

Jones & Lyles, of Del Rio, and H. Grady Chandler and Robert Lee Bobbitt, both of Austin, for appellees.

COBBS, J.

Appellee Del Rio Motor Transportation Company filed suit to enjoin appellants from operating a transportation line for the transporting for hire of persons and property, between the city of Del Rio and the International Bridge spanning the Mexican boundary and the Rio Grande river, and into Villa Acuna, Mexico. The petition was duly sworn to, as required by law and the rules of equity pleading. The defendant answered by denials covering every allegation of plaintiff's pleading. Defendant M. E. Woolf filed no answer but upon a full hearing hereof, judgment was rendered enjoining all of the defendants from transporting passengers for hire over and along the route covered by appellee's certificate of convenience and necessity until such time as such defendants should comply with the law by procuring a certificate of convenience and necessity and obeying the provisions of the law and the rules and regulations of the Railroad Commissions with respect thereto.

By intervention the Railroad Commission of Texas, acting by and through the Attorney General, became a party to this suit.

Was the territory described a suburb of Del Rio? The use of the word suburb in Texas statutes is not new, for we have it used and well defined and understood in urban homesteads and other laws. Suburb is defined in Webster's New International Dictionary as follows: "An outlying part of a city or town; a smaller place adjacent to a city."

The Del Rio Motor Transportation Company alleged: "That the Legislature of this State, by the terms of chapter 270 of the Acts of the Regular Session of the 40th Legislature as amended by H. B. Number 155, enacted by the 41st Legislature at its First Called Session, in order to promote safety, convenience and economy in the use of the highways of the State of Texas, and to exclude unnecessary vehicles therefrom, provided that the Railroad Commission of the State of Texas, under the terms and provisions of said law, should promulgate rules and regulations for the operation of motor vehicles for hire over said highways and provided that before any person, firm, or corporation might lawfully transport passengers for hire along and over the highways of this State it should first procure from the Highway Commission of the State of Texas a certificate of convenience and necessity authorizing such person to transport passengers for hire upon such highways, and that as a condition precedent to the issuance of such certificate the party applying therefor should pay the Highway Commission a seat tax based upon the seating capacity of the vehicles to be operated by such party in the transportation of passengers, a fee of $25.00, furnish the Commission with a description of such vehicles and comply with the other provisions of such statute enacted with a view of promoting the safety of the public generally and of the passengers being so transported and for the conservation and upkeep of the highway of such State. That by the terms of said law the Railroad Commission was expressly authorized and directed to promulgate rules and regulations designed for the safety and convenience of such passengers and the public generally and for the conservation of the highways of the State."

█ The operation of the motor bus in the territory mentioned was not exclusively foreign commerce. Besides, the state of Texas had the authority to require appellant to secure a certificate of convenience and necessity before operating motor busses over highways within this state.

█ We do not think the court erred in holding that the city of Villa Acuna, within the republic of Mexico is not a suburb of the city of Del Rio, within the state of Texas, United States of America. The finding is sustained by the evidence. By no kind of logic or reasoning can any portion of a foreign country be held to be a part of any city within this country's jurisdiction.

876

■ As the defendants were operating motor vehicles and engaging in the business of transporting persons for compensation over the public highways within this state, and had no permit or certificate from the Railroad Commission of Texas, the injunction was properly issued restraining the operation thereof.

The testimony showed the defendants operated outside of the city of Del Rio and in every direction that they had a chance; as far as three miles east of the city of Del Rio, and twelve miles west of said city to Devil's River; that they operated over the public highways within this state and charged compensation for carrying passengers; that they held themselves out to take passengers anywhere. Subsection (c), § 1, Motor Bus Law (Acts 40th Leg. [1927] c. 270), as amended by chapter 78, § 1, Acts of First Called Session of 41st Legislature (1929) of Texas (Vernon's Ann. Civ. St. art. 911a, § 1(c) ; Interstate Busses Corp. v. Holyoke St. R. Co., 273 U. S. 45, 47 S. Ct. 298, 71 L. Ed. 530 ; Hi-Ball Transit Co. v. Railroad Commission of Texas (D. C.) 27 F.(2d) 425.

It was held in the Hi-Ball Case that since the plaintiff was operating within the state of Texas, as well as in interstate commerce, it was subject to the laws of Texas.

For a better understanding of the subject of motor bus laws, we copy as follows:

Section 1, subsec. (c) of the Motor Bus Law of Texas, as amended by chapter 78, § 1, of the Acts of the First Called Session of the 41st Legislature, defines a "motor bus company" as follows: "The term 'Motor Bus Company' when used in this Act means every corporation or persons as herein defined, their lessees, trustees, receivers, or trustees appointed by any court whatsoever, owning, controlling, operating or managing any motor propelled passenger vehicle not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within the State of Texas, whether operating over fixed routes or fixed schedules, or otherwise; provided further, that the term 'Motor Bus Company' as used in this Act shall not include corporations or persons, their lessees, trustees, or receivers, or trustees appointed by any court whatsoever, in so far as they own, control, operate or manage motor propelled passenger vehicles operated wholly within the limits of any incorporated town or city, and the suburbs thereof, whether separately incorporated or otherwise."

■■ The Railroad Commission is vested with power to prescribe rules and regulations necessary for the government of motor bus companies, and routes and safety of operations of each motor bus company. There are details in the law that give general and specific power to the Commission, showing how completely the subject is placed within their power. It is not necessary to discuss or present citation of authorities on the subject. The state of Texas has complete and ample authority to require appellants to make application to the Railroad Commission for a permit to operate over the highways of this state, and to observe and abide by such regulations as a prerequisite to their use of her public highways.

The witness R. M. Lyles testified as to the nature of the country between Del Rio, Tex., and the international border. He testified that there are two roads leading from the city limits of Del Rio to Villa Acuna, Mexico; that the distance from the courthouse at Del Rio on one road to the international boundary is 3.4 miles, and on the other road, 3.7 miles; that the distance from the city limits of Del Rio to the international boundary is 2.7 miles; that only 21 houses and shacks are in the territory on both roads; that all of these houses are on large truck farms and alfalfa farms; that a group of 7 shacks are on one farm.

Since the statute does not seek to define the word "suburb," we are left to work out and give to that word the usual, familiar, and generally understood meaning, as used in everyday life. We do not see how by any stretch of the imagination one city more than three miles from another city and separated by the Rio Grande river, which is the boundary between two republics, and also separated by large farms and only twenty-one houses and shacks between the two cities, can be considered as a suburb of the Texas city.

■ It is clear from a reading of the amendment that it was the intention of the Legislature to make the Motor Bus Law apply to all operators who use the public highways for transporting persons for hire, and it is not necessary that the transportation be between certain points or that the person transporting persons for hire shall be engaged regularly in the business. This brought within its provisions the defendants, even though they did not operate regularly but only indiscriminately.

This brings us to the point where we feel bound to uphold the law and to sustain the judgment of the trial court.

The judgment is affirmed.