

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-2737
> Re: Jurisdiction of Railroad Commission over
> application of James W. White, proposing a
> motor bus operation, only a fractional part of
> which is not within the limits of some incorpo-
> rated city or town.

From your letter of September 12, 1940, and the attached exhibits, we have
the following information;  James W. White has filed an application for a
certificate of convenience and necessity to operate a motor bus company
over the route "Fruitdale Acres, Texas, to Preston Hollow, Texas, via Dallas,
Highland Park and University Park." Fruitdale Acres is an incorporated
town and adjoining it on the north is the incorporated town of Honey Springs.
There is a portion of the Southern boundary of Honey Springs which is coincident
with the boundary line of the incorporated City of Dallas, but immediately
to the north and east of Honey Springs there is a small area which does
not lie within any corporation. North of Dallas and adjacent thereto is
Highland Park, an incorporated town, and adjoining it on the north is the
incorporated town of University Park.  Immediately north of University Park
and adjacent thereto is Preston Hollow, also a separate corporation.  The
proposed operation would go easterly from Fruitdale Acres on a county road,
not within the limits of any corporation but over a road immediately contiguous
to and forming a boundary of Honey Springs for a distance of approximately
one third of a mile to U. S. Highway No. 75; thence in a northerly direction
over Highway No. 75, outside any corporate limits, but adjoining and forming a
boundary of Honey Springs on the east, a distance of nearly a mile, to the
Trinity River; thence in a northerly direction for a distance of about 1.1
mile to the boundary of Dallas; thence on a road outside of any city limits
but adjacent to and forming a boundary of the City of Dallas, a distance of
4.4 miles, at which the corporate limits of the City of Dallas would be
entered.  The operation would then go through Dallas, Highland Park,
University Park into Preston Hollow, at all times being within the limits of
one or the other of such corporations. You request our opinion as to whether
the operations applied for would come within the jurisdiction of the Railroad
Commission of Texas.

In Article 911a, Vernon's Civil Statutes, motor bus companies are made
subject to regulation by the State of Texas through its Railroad Commission.
In this act we find a definition of the carrier which is made subject to such
regulation.  Section (c), of Section 1. thereof reads:

> "The term 'Motor Bus Company' when used in this Act (Art. 911a; P. C.
> 1690a)means every corporation or persons as herein defined, their
> lessees, trustees, receivers, or trustees appointed by any court whatso-
> ever, owning, controlling, operating, or managing any motor propelled
> passenger vehicle, not usually operated on or over rails, and engaged
> in the business of transporting persons for compensation or hire over
> the public highways within the State of Texas, whether operating over
> fixed routes or fixed schedules, or otherwise; provided further, that
> the term 'Motor Bus Company' as used in this Act (Art. 911a; P. C.
> 1690a) shall not include corporations or persons, their lessees, trustees,
> or receivers, or trustees appointed by any court whatsoever, insofar as
> they own, control, operate, or manage motor propelled passenger vehicles
> operated wholly within the limits of any incorporated town or city and
> the suburbs thereof, whether separately incorporated or otherwise."

From the above it is seen that a person operating "wholly within the limits
of any incorporated town or city and the suburbs thereof, whether separately
incorporated or not, is not a motor bus carrier subject to regulation by the
Railroad Commission.  In your letter you call attention to the enclosed maps
and say that "These maps seem to indicate clearly that the towns of Preston
Hollow and Fruitdale Acres are suburbs of the City of Dallas, since at the
nearest point Preston Hollow is only about .67 mile from the city limits of
Dallas, and at the nearest points Fruitdale is only one mile from the city
limits of Dallas." Other than this statement from your letter and the fact
made obvious by the maps that all outside points concerned are very close
to the City of Dallas, the whole distance covered by the operation being
only about 15 miles, we are not advised whether or not the routes traversed
outside of the City of Dallas are all within its suburbs.  We are not suffi-
ciently familiar with the facts to be able to say that as a matter of law all
such outside points are within the suburbs of the City, or that any of them
are not.  The application in itself does not disclose the answer to the
question either one way or the other, as a matter of law.

The Commission can hear testimony on the question.  If the evidence shows
conclusively that all points involved in the operation are either within the
city limits of Dallas or its suburbs, or if the Commission so finds upon
disputed evidence, then the application should be dismissed, since the Railroad
Commission would be without jurisdiction.  On the other hand if the evidence
shows beyond any dispute that some parts of the operation would be conducted
outside the limits of Dallas and its suburbs, or if the Commission so finds
upon contradictory testimony, the Commission would have jurisdiction to
entertain the application upon its merits.

In Woolf v. Del Rio Motor Transp. Co., 27 S. W. (2d) 874, by the San Antonio Court of Civil Appeals, it was unsuccessfully contended that Villa Acuna was a suburb of Del Rio. The Court remarked that "since the statute does not seek to define the word 'suburb', we are left to work out and give to that word the usual, familiar and generally understood meaning, as used in everyday life." We further quote from the opinion:

> ". . . The use of the word suburb in Texas statutes in not new, for we have it used and well defined and understood in urban homesteads and other laws. Suburb is defined in Webster's New International Dictionary as follows: 'An outlying part of a city or town; a smaller place adjacent to a city.'"

Regretting our inability to answer your question categorically we trust that the above may be of some aid to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

By
    Glenn R. Lewis
    Assistant

GRL:AMM

APPROVED SEP 27, 1940

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B. W. B. CHAIRMAN