**HOUSTON TOUR & CHARTER SERVICE, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 11727.**

Court of Civil Appeals of Texas, Austin.

Jan. 14, 1970.

Rehearing Denied Feb. 11, 1970.

Second Rehearing Denied March 11, 1970.

Sears & Burns, Will Sears, Houston, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., James H. Cowden, James M. Mabry, Asst. Attys. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

The State of Texas filed this suit against the Appellant to enjoin it from conducting its charter operations on the highways outside the limits of the City of Houston alleging that Appellant had no certificate of public convenience and necessity from the Texas Railroad Commission authorizing such operations.

Texas Bus Lines and six other motor bus companies intervened in support of Appellee State and sought the same relief.

At the hearing, the trial court granted a temporary injunction in favor of Appellee and intervenor Texas Bus Lines and denied the temporary injunction sought by the other intervenors. These latter mentioned intervenors have not appealed.

Consequently, Appellant brings this appeal seeking reversal and dissolution of the temporary injunction.

We affirm the judgment of the trial court.

The undisputed facts show that Appellant is the holder of a permit under a regulatory ordinance of the City of Houston governing charter service operations and that Appellant upon irregular occasions chartered motor vehicles for hire to transport passengers to the National Administration & Space Agency complex and other points outside the City of Houston.

Appellant does not maintain a bus station or terminal for pick-up or discharge of passengers; allows the chartering party to determine the route and the time of departure; allows the chartering party to vary the route while the trip is under way; and has no scheduled times, dates or routes for any of its charter operations.

In making reference to Appellant's irregular operation of its chartered vehicles, the trial court indicated that it was operating "pretty much a big taxicab."

In seeking a reversal, able counsel for Appellant contends that under the facts of this case the judgment of the trial court is in direct conflict with the decision of this Court in Foster v. Railroad Commission of Texas, 215 S.W.2d 267 (Tex.Civ. App., Austin, 1948, no writ). We agree with this contention; however, as we will demonstrate later, it is our opinion that we have no alternative other than to affirm the judgment of the trial court.

In *Foster* this Court held that the Motor Bus Act, Vernon's Ann.Tex.Rev.Civ.Stat. art. 911a, properly construed as a whole, requires a certificate of convenience and necessity from the Railroad Commission only where persons are regularly transported by motor vehicles over the highways for compensation, with fixed routes, schedules and terminal points. Conversely, no certificate is required for irregular transportation of passengers where vehicles are operated without fixed schedules or routes, with the passengers establishing the pickup and return points and directing when, where and on which route the vehicle travels.

Appellees, for the most part, urged an affirmance on the amended definition of the term "Motor Bus Company" as defined in Section 1(c) of the Motor Bus Act as follows:

> "every corporation or persons as herein defined, * * * owning, controlling, operating or managing any motor propelled passenger vehicle not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within the State of Texas, whether operating over fixed routes or fixed schedules, or otherwise;"

Further, Section 2 of the Motor Bus Act provides that:

> "All motor-bus companies, as defined herein, are hereby declared to be 'common carriers' and subject to regulation by the State of Texas, * * *."

The Court took notice of this definition in *Foster* and we would have no difficulty in following our decision there were it not for the holding of the Supreme Court in Villalobos v. Holguin, 146 Tex. 474, 208 S. W.2d 871 (1948). This opinion is based on the above-mentioned definition of a motor bus company and holds that a city taxi license did not authorize holders to operate motor vehicles in transportation of passengers for hire between cities and nearby towns on the grounds that such areas were suburbs; and further, that such license did not authorize the transportation of passengers from a city to intervening farming territories between that city and nearby towns.

The Court also held that the license authorized the taxi company to operate only within the corporate limits of the city issuing the license and its suburbs. Appellants here apparently do not base their case on the suburb distinction.

In addition, *Villalobos* cites Woolf v. Del Rio Motor Transp. Co., 27 S.W.2d 874 (Tex.Civ.App., San Antonio, 1930, no writ), wherein the Court states that the amendment defining motor bus company clearly made the Motor Bus Law apply to all operators who use the public highways for transporting persons for hire, and it is not necessary that the transportation be between certain points or that the person transporting persons for hire shall be engaged regularly in the business.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

Appellant contends that we erred in not sustaining his point of error which is as follows:

"The Motor Bus Act (Article 911a, V.A.C.S.), properly construed as a whole, requires a certificate of convenience and necessity from the Railroad Commission only where persons are regularly transported by motor vehicles over the highways for compensation, with fixed routes, schedules and terminal points. No certificate is required for Appellant's IRREGULAR transportation of passengers, where the vehicles are operated without fixed schedules or routes, with the passengers establishing the pickup and return points and directing when, where and on which route the vehicle travels. All of Appellant's acts of transportation complained of by Appellee fell within this 'irregular' category and, neither in pleading nor in proof, did Appellee even attempt to show that Appellant was regularly transporting persons or regularly operating upon the highways. Accordingly, the trial court erred in issuing the injunction."

We quote the following from Appellant's Motion for Rehearing:

"The following is quoted from the Statement in the Application for Writ of Error in *Villalobos*:

'Petitioner's request for admissions, and Respondents' answers establish the following facts: That Petitioner operates a bus line between El Paso, Texas, and Fabens, Texas, and the intermediate points of Ysleta, Socorro, San Elizario, and Clint; that Petitioner is the holder of two Certificates of Convenience and Necessity issued by the Railroad Commission of Texas; that the buses operated by Petitioner operate over regularly scheduled routes and schedules; that Respondents operate motor propelled vehicles for hire over the public highways of this State between El Paso, Ysleta, Socorro, Clint, and San Elizario, all in El Paso County, Texas; that Respondents do not have any Certificate of Convenience and Necessity.

Respondents [Defendants Holguin and others] each testified and they admitted making regular runs daily over the public highways between said cities and towns. Where [There] G. Holguin testified he waits at the stand he uses in El Paso until he has a full load, and then leaves; that the same is true of his operations at Ysleta; the other Respondents do likewise and each one makes three or four trips a day from Ysleta to El Paso; and they operate in the same fashion between Ysleta, and Clint, and San Elizario, each one making four or five trips a day. Ysavol Munoz testified to the same effect; also, Precelaino Paiz; Faustino Alarcon; Miguel Holguin; Juan Lujan; Espidron Hernandez. This testimony showed without dispute that Respondents operated regularly for hire over said highways and Respondents so conceded at the conclusion of the testimony, and did not ask for any issue because there was no dispute on that question, and no issue as to that ques-

tion was submitted.' (Villalobos App. W/E, pp. 7, 8).

The following is copied from Petitioner's argument:

'Petitioner, who was plaintiff in the Trial Court, operates a common carrier bus line over a route extending from the City of El Paso, southeasterly to the unincorporated town of Ysleta, a distance of twelve miles (it is disputed whether this area is suburban, or not, to the City of El Paso) and continues from Ysleta southeasterly to the unincorporated towns of Clint and San Elizario, and additional 8 miles (this area admittedly is entirely rural, and is not suburban). This is a continuous operation from Clint to El Paso, and return, over a route approximately twenty miles long. It is all located in El Paso County, Texas. Petitioner has a Certificate of Convenience and Necessity from the Railroad Commission of Texas, authorizing this operation. Respondents operate a regular jitney passenger service OVER THIS SAME ROUTE, but they do not have a Certificate of Convenience and Necessity.

'It is admitted by Respondents that they operate motor vehicles REGULARLY OVER SAID ROUTE, for the carriage of passengers for hire. * * * (Villalobos App. W/E, p. 9).' "

Appellant further contends, and we agree, that there is a fundamental difference between a taxicab and a jitney service. The latter has been consistently described by the courts as a motor vehicle and common carrier for hire traveling between certain definite points or termini and intermediate points. The facts before us further indicate that the service rendered by the jitneys in Villalobos, in addition to being between fixed points, was regular. Auto Transit Company v. City of Ft. Worth, 182 S.W. 685 (Tex.Civ.App., Fort Worth, 1915, er. ref'd); City of Memphis v. State, 133 Tenn. 83, 179 S.W. 631 (1915); Nolen v. Reichman, 225 F. 812 (Dist.Ct.

[3 judges] W.D.Tenn.1915); Huston v. City of Des Moines, 176 Iowa 455, 156 N.W. 883 (Iowa S.Ct.1916).

Consequently, we follow our prior decision in *Foster*, set aside our previous judgment in our opinion heretofore entered, and upon such reconsideration reverse the judgment of the trial court and dissolve the injunction. The dissenting opinion and the concurring opinion are withdrawn.

Motion for rehearing granted; judgment reversed and injunction dissolved.